FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 AUG -5 PM 12: 23

U.S. DISTRICT COURT
N.D. OF ALABAMA

LINDA RAINEY ANDERSON,           )
                                 )
          Plaintiff,             )
                                 )
vs.                              )     CV 97-PT-0824-E
                                 )
PRUDENTIAL INSURANCE COMPANY OF  )
AMERICA and DREW RHODES,         )     **ENTERED**
                                 )
          Defendants.            )     AUG  5 1997

Memorandum Opinion

This cause comes on to be heard on plaintiff's motion for remand filed on April 8, 1997. In their notice of removal, the defendants proposed that the court has both diversity jurisdiction and supplemental jurisdiction over the present case. The plaintiff asserts that both claimed bases for the exercise of subject matter jurisdiction over this case are improper.

The defendants argue that exercise of diversity jurisdiction over the present case is appropriate because the non-diverse defendant, Drew Rhodes, is fraudulently joined. Under 28 U.S.C. § 1332, assertion of diversity jurisdiction is proper in a suit between citizens of different states in which the amount in controversy exceeds $75,000. For diverse citizenship to exist in an action, the state(s) of citizenship of the defendant(s) must be mutually exclusive of that of the plaintiff(s). From the face of the plaintiff's complaint,

18

diversity of citizenship does not exist because the plaintiff, Linda Rainey Anderson, and one defendant, Drew Rhodes, share common citizenship in the State of Alabama.

The apparent lack of diversity can be overcome if the defendant sharing common citizenship with the plaintiff has been fraudulently joined to the action and is therefore not a proper party to the suit.

> In order to establish that a fictitious resident defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). The Eleventh Circuit Court of Appeals has counseled caution in denying motions to remand in cases in which the assertion of jurisdiction is questionable.

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

The defendants argue that there is no conceivable manner in which the plaintiff could assert a claim against Drew Rhodes for fraudulent suppression, fraudulent misrepresentation or breach of fiduciary duty. However, if at least one of the plaintiff's claims against Rhodes is viable, dismissal of Rhodes and retention of the instant suit is proper. Under Alabama law, to establish a prima facie case of fraudulent suppression, the plaintiff must prove: "(1) a duty on the part of the defendant to disclose facts; (2) concealment or non-disclosure of material facts by the defendant; (3) inducement of the plaintiff's act; [and] (4) action by the plaintiff to his or her injury." Lambert v. Mail Handlers Benefit Plan, 682 So.2d 61, 63 (Ala. 1996). Although it is far from certain that the plaintiff will eventually prevail against Rhodes, the plaintiff can state a colorable claim against him. Even though Rhodes did not sell to the plaintiff the insurance policy that is the subject of this action, he allegedly took over the plaintiff's life insurance policy in 1992 or 1993. Rhodes came to the plaintiff's house and made statements to her concerning the

suitability of the policy as a retirement plan. This purported action taken by Rhodes might have encouraged the plaintiff to continue investing premiums into the life insurance plan as a retirement plan, preventing the plaintiff from canceling the policy and investing elsewhere.

The defendants' supplemental jurisdiction claim is, quite frankly, bizarre. Apparently the defendants argue that because this case shares common questions of law with an opt-out class action against Prudential that is ongoing before the United States District Court for the District of New Jersey, this court can assert supplemental jurisdiction.[1]

This court cannot assert supplemental jurisdiction over a case when it does not have original jurisdiction over any portion of the case.

> The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995), and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, Sebring Homes Corp. v. T.R. Arnold & Assocs., 927 F. Supp. 1098, 1101 (N.D. Ind. 1995); Zewe v. Law Firm of Adams & Reese, 852 F. Supp. 516, 520 (E.D. La. 1993) ("a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court proceeding which was removed without original jurisdiction"); Holt v. Lockheed Support Sys., Inc., 835 F. Supp. 325, 329 (W.D. La. 1993); In re Dow Corning Corp., 187 B.R. 934, 938 (E.D. Mich. 1995) ("Claims . . . before a state court must not be removed . . . if the only basis for removal is . . . § 1367(a)."); cf. Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) (§ 1367(c)(3) did not apply where the district court never had original jurisdiction); Parker v. Crete Carrier Corp., 914 F. Supp. 156, 159 (E.D. Ky. 1996) ("Supplemental jurisdiction cannot destroy the requirement for complete diversity . . . ." (citations omitted)), even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, Sebring Homes, 927 F. Supp. at 1101-02 (citations omitted); Estate of Tabas, 879 F. Supp. at 467 (citation omitted), and even if removal would be efficient. Estate of Tabas, 879 F. Supp. at 467.

Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996).

Further, even if the defendants' theory were correct, and supplemental jurisdiction

---

[1] The present plaintiff apparently chose to "opt-out" of the class action and file her own complaint against the defendant Prudential and Rhodes.

can be created in a district court separate from the court in which original jurisdiction is vested, the present claim does not arise out of the same Article III case and controversy. The Eleventh Circuit has concluded that a claim over which the court does not have original jurisdiction is part of the "same case or controversy" as claims over which the court does have original jurisdiction when "the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996). The present plaintiff's case has few particular facts in common with the class litigation pending in New Jersey, instead sharing with it only a common question of law.

This case will be REMANDED to the Circuit Court of Calhoun County, Alabama.

This ___5___ day of August 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE